**Jose Omar ORTEGA-BALDERRAMA,
Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney
General, Respondent.**

**No. 13-71999**

United States Court of Appeals,
Ninth Circuit.

Submitted November 15, 2017 *

Filed November 20, 2017

Nicholas W. Marchi, Carney & Marchi,
PS, Seattle, WA, for Petitioner

Mary Jane Candaux, Assistant Director,
OIL, DOJ—U.S. Department of Justice,
Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE,
Office of the Chief Counsel, Department of
Homeland Security, San Francisco, CA,
for Respondent

Before: CANBY, TROTT, and
GRABER, Circuit Judges.

MEMORANDUM **

Jose Omar Ortega-Balderrama, a native
and citizen of Mexico, petitions for review
of the Board of Immigration Appeals'
("BIA") order dismissing his appeal from
an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the
Convention Against Torture ("CAT"). Our
jurisdiction is governed by 8 U.S.C.
§ 1252. We review for substantial evidence
the agency's findings of fact, and review de
novo claims of due process violations in
immigration proceedings. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir.
2014). We dismiss in part and deny in part
the petition for review.

We lack jurisdiction to consider Ortega-
Balderrama's challenge to the IJ's denial
of CAT relief because he failed to raise the
issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004)
(court lacks jurisdiction to review claims
not presented to the agency).

We reject, as unsupported by the record, Ortega-Balderrama's contention that
the BIA violated his due process rights by
failing to review the IJ's determination
that his asylum application was time-
barred. *See Lata v. INS*, 204 F.3d 1241,
1246 (9th Cir. 2000) (requiring error to
prevail on a due process claim). Ortega-
Balderrama does not otherwise challenge
the agency's time-bar finding. Thus, we
deny the petition for review as to his asylum claim.

The agency found that the harm Ortega-
Balderrama experienced from his father
was due to his failure to comply with his
father's demands that he participate in
illegal activities and not based on his membership in his family. The record does not
compel a contrary conclusion. *See INS. v.
Elia-Zacarias*, 502 U.S. 478, 481 n.1, 112
S.Ct. 812, 117 L.Ed.2d 38 (1992) ("To reverse the BIA finding we must find that
the evidence not only *supports* that conclusion, but *compels* it[.]"). Thus, we deny the
petition as to Ortega-Balderrama's withholding of removal claim.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.